UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-283-JPH-DLP-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TISHA DAWN RAINES | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00283-JPH-DLP |
| | ) | |
| TISHA DAWN RAINES, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Tisha Dawn Raines seeks immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Ms. Raines's motion is **denied**. Dkt. [60].

**I. Background**

In 2019, the Court sentenced Ms. Raines to 115 months in prison after she pled guilty to one count of use of interstate commerce facilities in commission of murder for hire, in violation of 18 U.S.C. § 1958(a). Dkt. 42. In pleading guilty, Ms. Raines stipulated that she hired a person whom she thought was a "hit man" (but was actually an undercover law enforcement officer) to kill a person and used methamphetamine as a down payment for the "hit." Dkt. 31 at 7–9.

In 2020, Ms. Raines filed a pro se motion for compassionate release based on the risk she faced from COVID-19. Dkt. 46. The Court appointed counsel to represent her, dkt. 47, but counsel withdrew before making any substantive submissions on her behalf, dkt. 53. After counsel withdrew, the Court ordered Ms. Raines to supplement her pro se motion by completing and returning the Court's form compassionate release motion. Dkt. 54. Ms. Raines failed to do so, and the Court denied her motion without prejudice as abandoned. Dkt. 57. Ms. Raines then asked the Court to reconsider, and the Court gave her additional time to submit the Court's form

compassionate release motion. Dkt. 59. Ms. Raines filed the form motion as directed, dkt. 60, and that motion is currently before the Court. The Court concludes that it can resolve the issues raised by Ms. Raines's motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ms. Raines argues that extraordinary and compelling reasons support her request for release because she suffers from several medical conditions (including morbid obesity, pre-diabetes, PTSD, gall bladder issues, and arthritis) that increase her risk of experiencing severe symptoms or complications if she contracts COVID-19. Dkt. 60. But the U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason to reduce the sentence of an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by

3

COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Here, Ms. Raines was offered and declined the vaccine because she "was concerned with the possible side effects and the lack of long-term studies." Dkt. 60 at 5. Ms. Raines, however, has not presented any evidence that a medical professional advised her not to receive the vaccine because of a potentially adverse reaction. Nor does she present any evidence suggesting that she would be particularly susceptible to negative side effects from the vaccine. The Court need not accept Ms. Raines's self-diagnosed skepticism of the vaccine. Moreover, Ms. Raines has not presented any evidence or argument showing that she cannot benefit from the vaccine. Accordingly, she has not carried her burden to show that the risk she faces from COVID-19 is an extraordinary and compelling reason to release her.

Regardless, even if Ms. Raines had shown extraordinary and compelling reasons potentially warranting release, the Court would deny her motion because the § 3553(a) factors weigh against release.[1] As explained above, Ms. Raines hired someone whom she believed to be

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing

a "hit man" to kill another person and used drugs as payment. This is an extremely serious crime. Ms. Raines has served only a fraction of her sentence, and she is not due to be released more for than four years. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 5, 2022) (showing anticipated release date—with good-conduct time included—of Oct. 13, 2026). Accordingly, the Court concludes that releasing Ms. Raines now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Ms. Raines's motion for compassionate release, dkt. [60], is **denied**. Her motion for status update, dkt. [62], is **granted** to the extent that the Court explains that it has now ruled on her compassionate release motion.

**SO ORDERED.**

Date: 8/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

Tisha Dawn Raines
Reg. No. 16543-028
FCI Hazelton
Federal Correctional Institution
Satellite Camp
Secure Female Facility
P.O. Box 3000
Bruceton Mills, WV 26525

All Electronically Registered Counsel